1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   DARREN VINCENT FORD,                        Case No. 1:17-cv-00822-DAD-BAM (PC)

12                   Plaintiff,                  ORDER VACATING FINDINGS AND
                                                 RECOMMENDATIONS
13        v.                                     (ECF No. 10)

14   AUDREY KING, et al.,                        FINDINGS AND RECOMMENDATIONS
                                                 REGARDING DISMISSAL OF COMPLAINT,
15                   Defendants.                 WITH PREJUDICE, AS BARRED BY *RES
                                                 JUDICATA*
16
                                                 **FOURTEEN (14) DAY DEADLINE**
17

18        **I.      Background**

19         Plaintiff Darren Vincent Ford ("Plaintiff") is a state prisoner proceeding pro se in this civil

20   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 15, 2017, in the

21   Sacramento Division of the Eastern District of California.  (ECF No. 1.)  The action was

22   transferred to the Fresno Division on June 20, 2017.  (ECF No. 3.)

23         On June 21, 2017, the Court issued an order directing Plaintiff to submit an application to

24   proceed in forma pauperis or pay the filing fee within forty-five (45) days.  (ECF No. 5.)  On

25   August 17, 2017, after Plaintiff failed to comply with the Court's order, the Court issued findings

26   and recommendations recommending that this action be dismissed, without prejudice, for

27   Plaintiff's failure to comply with the Court's orders.  (ECF No. 10.)

28   ///

                                                    1

1    On August 28, 2017, Plaintiff timely filed objections to the findings and

2    recommendations.  (ECF No. 11.)  Plaintiff explains that he submitted a request for an extension

3    of time to file his in forma pauperis application on July 23, 2017.  However, Plaintiff used the

4    case number 2:17-cv-02746-NC (PR).  On July 30, 2017, Plaintiff received more court papers

5    with the case number 1:17-cv-00960-SKO, and that was the case number on the application to

6    proceed in forma pauperis he submitted.  On August 22, 2017, Plaintiff received the findings and

7    recommendations in the instant action.  Plaintiff further explains that since this action began, in

8    August 2016, it has had 14 case numbers, and has gone from the Eastern District to the Northern

9    District, back and forth.  Plaintiff states that he submitted an in forma pauperis application that

10   was previously found valid and granted, and requests that the Clerk of the Court find it and the

11   Court use that application.  Plaintiff states that he cannot put pressure on the accounting office to

12   prove that he is indigent and to obtain a six month print out in 10 days, but he will attempt to put

13   a rush on it.  (Id.)

14       Pursuant to Plaintiff's objections, the Court finds it appropriate to vacate the August 17,

15   2017 findings and recommendations recommending dismissal for failure to obey a court order.

16   However, as discussed below, the Court further recommends dismissal of this action as barred by

17   *res judicata*.

18       **II.     Screening Requirement**

19       The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

22   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

23   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C.

24   § 1915(e)(2)(B)(ii).

25       **III.    Claim Preclusion – *Res Judicata***

26       Claim preclusion bars litigation of claims that were or could have been raised in a prior

27   action, Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and

28   it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the

2

same parties, or privity between parties," <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing <u>Cell Therapeutics, Inc. v. Lash Grp., Inc.</u>, 586 F.3d 1204, 1212 (9th Cir. 2010)).

### A. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison, Sacramento in Represa, California. Plaintiff names Audrey King, the Executive Director for Coalinga State Mental Hospital; Jane Doe, Mental Health Director at Coalinga State Mental Hospital ("CSMH"); and John Doe, Mental Health Deputy Director at CSMH as defendants. Plaintiff seeks to sue Defendants for "putting the public in danger for releasing Plaintiff Ford when he is an SVP, MDO, and Insane." (ECF No. 1, p. 1.) Plaintiff alleges that around July 2010, he was evaluated by two psychologists who determined that he qualified as a Sexually Violent Predator (SVP), and was sent to CSMH pending trial. Even though Plaintiff was "evaluated as insane, a pedophile, child molester and SVP," his case was dropped and he was released back into the community before he could take advantage of the treatment available at CSMH. (<u>Id.</u> at 3.) Plaintiff alleges that he was made to leave against his will, and three weeks later he was arrested for two counts under California Penal Code § 647.6 and received two 25 to life sentences. (<u>Id.</u>) Plaintiff seeks to be returned to CSMH for further treatment, or in the alternative, monetary compensation for pain and suffering.

### B. Prior Action: 1:17-cv-00960-SKO

In this action, Plaintiff alleged that he was evaluated and found to be an SVP, child-molester, insane, and a danger to the health and safety of children and others and self. A month later, Plaintiff was inappropriately released against his will from CSMH after receiving no sex offender treatment. Plaintiff contended that Audrey King was responsible for forcing him to leave the hospital without reevaluating him for the public's safety and welfare, and forty-five days later he was charged for two counts under California Penal Code § 647.6.

This action was dismissed as barred by *res judicata* and the statute of limitations on August 17, 2017. (<u>See</u> <u>Ford v. King</u>, 1:17-cv-00960-SKO) (PC), Doc. 15.) In that order, the court found that Plaintiff's allegations were nearly identical to those in Case No. 2:13-cv-00591-AC and Case No. 1:16-cv-01453-SAB (PC), where the court entered final judgments on the

merits of Plaintiff's claims against Defendant King and Coalinga State Hospital. (Id. at 6.) In addition, the court found that the action, filed on May 12, 2017, was filed approximately three years beyond the statute of limitations, and was therefore barred by the statute of limitations.

### C. Discussion

The allegations in 1:17-cv-00960-SKO are nearly identical to the claims filed in the instant case. In both cases, Plaintiff raises nearly the same claims, arising out of the same events, involving the same parties, and infringing upon the same rights. Moreover, as discussed at length in the court's dismissal order in 1:17-cv-00960-SKO, Plaintiff's claims in that action were also nearly identical to those alleged in 2:13-cv-00591-AC and 1:16-cv-01453-SAB.

Though Plaintiff has added Doe Defendants, the Court finds that privity also exists between the Doe Defendants and the defendants named in his prior actions, due to their commonality of interests. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (privity exists between different individuals employed by the same government agency) (citing Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–03 (1940)); Brooks v. Alameida, 446 F.Supp.2d 1179, 1183 (S.D. Cal. Aug. 11, 2006) (privity existed between prison officials where parties in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit); see also Hutchison v. Cal. Prison Indus. Auth., No. 13-cv-04635-CW, 2015 WL 179790, at *3–4 (N.D. Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).

Finally, both 2:13-cv-00591-AC and 1:16-cv-01453-SAB were dismissed for failure to state a cognizable claim, which is a "judgment on the merits." See Federated Dep't Stores Inc. v. Moitie, 452 U.S. 394, 399, n.3 (1981) (citing Angel v. Bullington, 330 U.S. 183, 190 (1947); Bell v. Hood, 327 U.S. 678 (1946)). Thus, dismissal of Plaintiff's prior actions operates as final judgment on the merits of the claims raised in the present action.

### IV. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendations issued on August 17, 2017, (ECF No. 10), are VACATED.

///

4

1    Further, for the reasons stated, the Court HEREBY RECOMMENDS that this action be

2    dismissed as barred by *res judicata*.

3    These Findings and Recommendation will be submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

5    **(14) days** after being served with these Findings and Recommendation, the parties may file

6    written objections with the court.  The document should be captioned "Objections to Magistrate

7    Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within

8    the specified time may result in the waiver of the "right to challenge the magistrate's factual

9    findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

10   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11
     IT IS SO ORDERED.
12

13   Dated:   **September 19, 2017**          /s/ *Barbara A. McAuliffe*

14                                            UNITED STATES MAGISTRATE JUDGE

5