# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>            Plaintiff,<br><br>   v.<br><br>KING, et al.,<br><br>            Defendants. | Case No. 1:17-cv-00822-DAD-BAM (PC)<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br>(ECF No. 13)<br><br>ORDER GRANTING MOTIONS TO AMEND<br>(ECF Nos. 17, 18, 19, 20, 21, 22, 23, 26)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 12)<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS AS PREMATURE<br>(ECF Nos. 15, 24, 25, 27)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Background**

Plaintiff Darren Vincent Ford ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 15, 2017, in the Sacramento Division of the Eastern District of California. (ECF No. 1.) The action was transferred to the Fresno Division on June 20, 2017. (ECF No. 3.)

Currently pending are the Court's September 19, 2017 findings and recommendations to dismiss this action as barred by *res judicata*. (ECF No. 12.) In addition, Plaintiff has filed more

1

than a dozen motions that the Court will address in more detail, below.

**II.    Discussion**

    **A. Motion to Proceed *In Forma Pauperis***

On September 15, 2017, Plaintiff filed a motion to proceed *in forma pauperis*, including a certified copy of his inmate trust account statement. (ECF No. 13.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in a prior case that he is subject to § 1915(g).[2]

However, upon review of Plaintiff's complaint,[3] the Court finds that his allegations appear to satisfy the imminent danger exception to section 1915(g), at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Thus, Plaintiff's motion to proceed *in forma pauperis* will be granted, and the Court will consider the remaining motions.

    **B. Motions to Amend**

The majority of the pending motions appear to seek leave for Plaintiff to file an amended complaint or to supplement the original complaint with new evidence. (See ECF Nos. 17, 18, 19,

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Ford v. King, Case No. 1:16-cv-01453-SAB (E.D. Cal.) (dismissed on March 3, 2017, for failure to state a claim); (2) Ford v. King, Case No. 1:17-cv-00960-SKO (E.D. Cal.) (dismissed on August 17, 2017, as barred by res judicata and the statute of limitations); (3) Ford v. State of California, Case No. 2:13-cv-00591-AC (E.D. Cal.) (dismissed on June 21, 2013, as frivolous); (4) Ford v. Lewis, Case No. 3:16-cv-01126-LAB-BLM (S.D. Cal.) (dismissed on January 11, 2017, by order granting the defendant's motion to dismiss for failure to state a claim). The Court also takes judicial notice of the following United States Court of Appeals case: Ford v. Lewis, Case No. 17-55153 (9th Cir.) (dismissed on May 16, 2017, as frivolous).

[2] The Court takes judicial notice of Ford v. Galang, Case No. 2:15-cv-01149-WBS-EFB (E.D. Cal.).

[3] In the complaint, Plaintiff alleges that in July of 2010, he was evaluated by a psychiatrist who determined that he qualified as a Sexually Violent Predator. Plaintiff was civilly committed to Coalinga State Hospital ("CSH") for treatment pending trial. Thereafter, Plaintiff's case was dropped and Plaintiff was released back into the community, though Plaintiff wished to remain at CSH. Two weeks later, Plaintiff was arrested for two counts of violating California Penal Code § 647.6, and received two 25 to life sentences. Plaintiff alleges that because he was then sent to CDCR, rather than civilly committed back to CSH, he has since been "stabbed, cut up, continuous amounts of fights defending himself" and has faced "retaliation from officers, staff, and inmates" because he is labeled as a child molester. (ECF No. 1.) At this time, the Court expresses no opinion on the merits of Plaintiff's claims.

20, 21, 22, 23, 26.) As Plaintiff has not yet amended the complaint in this action, no defendant has yet been served, and Plaintiff alleges that he wishes to include new information in an amended complaint, the Court will grant the motions pursuant to Federal Rule of Civil Procedure 15(a)(1). However, Plaintiff must file **one** cohesive pleading setting forth all facts and exhibits he wishes to include in the first amended complaint. The Court will not sift through multiple amended and supplemental pleadings in order to determine which claims Plaintiff intends to pursue in this action.

After Plaintiff files the first amended complaint, it will be screened in due course by the Court.

### C. Pending Findings and Recommendations and Plaintiff's Objections

As Plaintiff will be permitted to file a first amended complaint, the Court finds it appropriate to vacate the pending findings and recommendations, issued on September 19, 2017. (ECF No. 12.) Therefore, Plaintiff's objections to those findings and recommendations are also disregarded, as moot. (ECF Nos. 15, 16.)

### D. Motions to Appoint Counsel

In several of Plaintiff's pending motions, he includes brief requests for counsel. (See ECF Nos. 15, 25, 27.) In some cases, Plaintiff provides no reason for the appointment of counsel, but merely states that he requests such assistance in the title of his motion. (ECF Nos. 25, 27.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has granted Plaintiff's motions to file an amended complaint, and there is no operative complaint at this time. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

### E. Discovery Motions and Requests for Jury Trial

Plaintiff has also submitted various discovery requests and requests for this matter to be set for a jury trial. (See ECF Nos. 18, 19, 24, 27.) As noted above, there is no operative complaint and the case does not yet proceed on any cognizable claims. Thus, any requests to set this matter for trial are premature.

Similarly, no defendant has been served, and therefore no defense counsel has appeared. Therefore, the Court denies all requests for the name of the Attorney General representing the defendant, and all discovery requests directed at defense counsel, as premature.

### III. Conclusion and Order

For the reasons stated, Plaintiff will be permitted to file a first amended complaint that sets forth in **one** pleading all the claims Plaintiff intends to pursue in this action.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

///

4

| | |
|---|---|
| 1 | Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated |
| 2 | claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no |
| 3 | "buckshot" complaints). |
| 4 | Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. |
| 5 | Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended |
| 6 | complaint must be "complete in itself without reference to the prior or superseded pleading." |
| 7 | Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by |
| 8 | reference. |
| 9 | Accordingly, IT IS HEREBY ORDERED as follows: |
| 10 | 1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 13), is GRANTED; |
| 11 |    a. **The Director of the California Department of Corrections or his/her designee** |
| 12 |       **shall collect payments from Plaintiff's prison trust account in an amount** |
| 13 |       **equal to twenty per cent (20%) of the preceding month's income credited to** |
| 14 |       **the prisoner's trust account and shall forward those payments to the Clerk of** |
| 15 |       **the Court each time the amount in the account exceeds $10.00, in accordance** |
| 16 |       **with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and** |
| 17 |       **forwarded to the Clerk of the Court. The payments shall be clearly identified** |
| 18 |       **by the name and number assigned to this action;** |
| 19 |    b. The Clerk of the Court is directed to serve a copy of this order and a copy of |
| 20 |       Plaintiff's *in forma pauperis* application on the Director of the California |
| 21 |       Department of Corrections, via the court's electronic case filing system |
| 22 |       (CM/ECF); and |
| 23 |    c. The Clerk of the Court is directed to serve a copy of this order on the Financial |
| 24 |       Department, U.S. District Court, Eastern District of California. |
| 25 | 2. Plaintiff's motions for leave to amend (ECF Nos. 17, 18, 19, 20, 21, 22, 23, 26) are |
| 26 |    GRANTED; |
| 27 |    a. Plaintiff is granted **thirty (30) days** in which to file one comphrensive first |
| 28 |       amended complaint; |

      b. The Clerk's Office shall send Plaintiff a complaint form; and

      c. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**;

3. The findings and recommendations issued on September 19, 2017, (ECF No. 12), are VACATED;
4. Plaintiff's motions to appoint counsel, (ECF Nos. 15, 25, 27), are DENIED without prejudice; and
5. Plaintiff's discovery motions, motions seeking the name of defense counsel, and motions for jury trial, (ECF Nos. 18, 19, 24, 27), are DENIED as premature.

IT IS SO ORDERED.

Dated: **September 11, 2018**        /s/ *Barbara A. McAuliffe*

                                                            UNITED STATES MAGISTRATE JUDGE