1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, | Case No.  1:17-cv-00822-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR SCREENING (ECF No. 44) |
| v. | |
| AUDREY KING, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF No. 34) |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Darren Vincent Ford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 15, 2017.  (ECF No. 1.)  On September 12, 2018, the Court issued an order granting Plaintiff's various motions to amend the complaint and directed Plaintiff to submit an amended complaint within thirty (30) days.  (ECF No. 28.)  Following an extension of time, Plaintiff submitted a first amended complaint on October 26, 2018.  (ECF No. 34.)  On October 30, 2019, Plaintiff filed a motion for the court to "determine where this case stands per judgement."  (ECF No. 44.)  The Court construes the filing as a motion for screening of the complaint, which is granted as set forth below.  Plaintiff's first amended complaint is currently before the Court for screening.

///

1

1   **I.      Screening Requirement and Standard**

2          The Court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

5   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

6   relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

7          A complaint must contain "a short and plain statement of the claim showing that the

8   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

9   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

11  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

12  as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,

13  Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

14  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient

15  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

16  misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv.,

17  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

18  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

19  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

20  **II.      Summary of Plaintiff's First Amended Complaint**

21          Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster,

22  California.  The primary basis of the complaint stems from events that are alleged to have

23  occurred while Plaintiff was housed at Coalinga State Hospital ("CSH") in Coalinga, California.

24  Plaintiff names the following defendants:  (1) Audrey K. King, Executive Director; (2) Chasity

25  Bradley, Mental Social Worker ("MSW"); (3) Dr. Hurwitz, Psychiatrist; (4) Dr. Raman Shankar,

26  Medical Doctor, Mental Psychiatric Health; and (5) C. Lopez, MSW.  Plaintiff asserts that he is

27  suing the defendants in their individual and official capacities.  Plaintiff's complaint is disjointed

28  and difficult to follow and is comprised of more than thirty pages of unincorporated exhibits.

2

1    Nevertheless, the Court will attempt to summarize Plaintiff's relevant allegations below.

2           Plaintiff arrived at Coalinga State Hospital ("CSH") on August 3, 2011 and was

3    discharged on October 28, 2011 against his will.  When he arrived, Defendant Lopez did not

4    check off "yes" under "history of dangerous behavior."  Defendant Lopez wrote that Plaintiff

5    required registration under Penal Code § 290 ("Sex Offender Registration Act").

6           Defendant Dr. Shankar Raman conducted an infectious disease consultation on October

7    14, 2011, and under "History of Present Illness" stated that Plaintiff "has a history of Pedophilia;

8    sexually attracted to both sexes."  Plaintiff received no routine follow up.

9           On October 25, 2011, Defendant Dr. Stephen Hurwitz noted "Pedophilia, sexually

10   attracted to both, nonexclusive type."  Dr. Hurwitz did nothing to retain Plaintiff for treatment.

11          On October 27, 2011 and October 28, 2011, Plaintiff told staff he didn't feel prepared to

12   enter any community without having been provided sex offender treatment, which he had not

13   been provided.

14          Defendant C. Bradley discharged Plaintiff from CSH on October 28, 2011.  Plaintiff was

15   never asked to sign any discharge plan forms.  Plaintiff was reluctant to leave CSH without

16   receiving any sex offender treatment, even though the 27-page evaluations of Dr. Wornian and

17   Dr. Flinton stated "Ford meets the criteria of a Sexually Violent Predator and is a danger to the

18   community, children, others, & himself."  All discharging staff, including Defendant King, had

19   access to that information and chose to do nothing about it or to retain Plaintiff for a current

20   psychiatric evaluation for the public's safety and Plaintiff's.

21          Plaintiff alleges that each of the Defendants, Audrey King, Chasity Bradley, Dr. Hurwitz,

22   Dr. Raman Shankar, and C. Lopez were aware that Plaintiff is a danger to children and the

23   community, and were also aware that Plaintiff is a Sexually Violent Predator ("SVP") and a

24   pedophile.  Nevertheless, each defendant chose to do nothing for Plaintiff's mental illness before

25   Plaintiff's discharge, nor did the defendants reevaluate Plaintiff after he told them "I don't want

26   to leave. I'm scared I will reoffend because I've had no 'sex offender' treatment."  This was

27   explained to the defendants that interacted with Plaintiff on October 27 and October 28, 2011.

28   ///

                                        3

Plaintiff was not retained at Coalinga State Hospital for sex offender treatment.  He was instead discharged, and he reoffended and was arrested within 45 days.  Plaintiff is now in prison serving two 25 to life sentences on sex offenses.

Plaintiff seeks monetary relief in the form of compensatory and punitive damages.

**III.    Discussion**

**A.    Statute of Limitations**

Plaintiff's complaint appears to allege time-barred claims.  Section 1983 contains no specific statute of limitations.  Therefore, federal courts apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  California's statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law.  Jones, 393 F.3d at 927.  Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life.  Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim;

4

1    (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and

2    (3) plaintiff's conduct must have been reasonable and in good faith." <u>Fink</u>, 192 F.3d at 916

3    (citation and quotation marks omitted); <u>see also</u> <u>Addison v. State of Cal.</u>, 21 Cal. 3d 313, 319

4    (1978) (citations omitted).

5         According to Plaintiff's allegations in the first amended complaint, it appears that his

6    claims are time-barred.  Plaintiff's claims are predicated on his discharge from Coalinga State

7    Hospital on October 28, 2011.  Plaintiff's claims accrued on that same date, and it is apparent

8    from the face of the complaint that he knew then of the injury that was the basis of his claims.

9    Assuming that Plaintiff was entitled to an additional two years to file his claim due to his

10   incarceration, Plaintiff's complaint must have been filed no later than October 28, 2015.

11   However, the complaint in this action was signed on May 16, 2017, and filed with the Court on

12   June 15, 2017.  Plaintiff makes no allegations to demonstrate that any equitable tolling should

13   apply or to explain the approximate two-year delay in bringing this action.  Accordingly, the

14   Court finds that Plaintiff's federal claims are barred by the statute of limitations and should be

15   dismissed.

16        **B.      Leave to Amend Would be Futile**

17        "Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when

18   justice so requires.  However, the district court may exercise its discretion to deny leave to amend

19   due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

20   deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and

21   futility of amendment."  <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 892 (9th Cir. 2010)

22   (citations and internal quotation marks and brackets omitted); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d

23   1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a

24   district court should grant leave to amend even if no request to amend the pleading was made,

25   unless it determines that the pleading could not possibly be cured by the allegation of other facts."

26   (citation and internal quotation marks omitted)).

27        The Court has determined that Plaintiff's claims are barred by the applicable statute of

28   limitations.  As Plaintiff cannot plead any additional facts to cure this defect, it would be futile to

grant Plaintiff leave to amend.  See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008).

**IV.    Conclusion and Recommendation**

For the reasons stated, Plaintiff's amended complaint is barred by the statute of limitations and fails to state a cognizable claim for relief.  As the deficiencies in the complaint are not capable of being cured through amendment, further leave to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as barred by the statute of limitations and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2020**                     /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE